IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| James A. Brown, <br><br>       Petitioner, <br> vs. <br><br> Scott Lewis, Warden SCDC, <br><br>       Respondent. | Civil Action No. 0:20-2035-CMC <br><br> **OPINION and ORDER** |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report").

On June 23, 2020, the Magistrate Judge issued a Report recommending that the petition for habeas corpus be dismissed without prejudice as successive, without requiring Respondent to file a return. ECF No. 6. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections on July 7, 2020.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection

---

[1] Although filed under § 2241, this court construes this filing as one under § 2254 as it challenges his state court conviction.

is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections *de novo*, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's objections are without merit. First, he argues his Petition is not successive because "under judge R. Keith Kelly, the appellant, writ of mandamus was granted to proceed in forma pauperis and was not held to a successive application under 17-27-20 (A) 1-6 . . . judge Gossett do not have the authority to override judge Kelly." ECF No. 8 at 1. He contends the solicitor did not obtain an indictment against him for murder "by way of a lawfully convened Spartanburg county grand jury," as his indictment has a date of February 2001 term of court, but he has obtained a court calendar showing there was no February 2001 term of general sessions court held in Spartanburg County. *Id.* at 1-2. Therefore, he argues, the state court did not have jurisdiction to adjudicate his case.

2

The issue at hand is whether this federal habeas corpus petition is successive – Petitioner's filings in state court PCR actions have no bearing on whether the instant Petition is successive. Therefore, Petitioner's argument regarding Judge Kelly's decision on his motion to proceed *in forma pauperis* in state court has no relation to the decision in this case. This court is not overruling Judge Kelly's decision, but merely making its own decision on the case at hand. Further, this court is without jurisdiction to consider Petitioner's merits arguments, as this petition is successive. Petitioner previously filed a petition for writ of habeas corpus in the South Carolina District Court that was dismissed for failure to prosecute. *See Brown v. McCall*, C/A No. 0:10-cv-3025. Petitioner must therefore request and receive permission from the Fourth Circuit Court of Appeals to file this successive Petition. Having failed to do so, this court lacks jurisdiction over this Petition.

For the reasons stated in the Report and those above, this petition is dismissed without prejudice to Petitioner's right to petition the Fourth Circuit for permission to file a second or successive petition.

**IT IS SO ORDERED**.

                                                          s/Cameron McGowan Currie
                                                          CAMERON MCGOWAN CURRIE
                                                          Senior United States District Judge

Columbia, South Carolina
July 27, 2020